UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,

v.

A. SOLIS, et al.,

    Defendants.
                                /

No. C 12-3583 YGR (PR)

**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's motion entitled, "Plaintiff's Objection to the Court Screening Order and Request for Reconsideration," in which he requests the Court to reconsider its January 10, 2013 Order serving certain cognizable claims and dismissing other claims. (Docket No. 12.)

Where the Court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the Court before such interlocutory order. *See* Civil L.R. 7-9(b). Unless otherwise ordered by the Court, no response need be filed to a motion under the Local Rule. *See* Civil L.R. 7-9(c).

In its January 10, 2013 Order, the Court reviewed Plaintiff's complaint and stated as follows:

> Plaintiff's claims against his jailors at Salinas Valley State Prison fall into two categories. The first category are claims of excessive force and retaliation. The second relate to a prison disciplinary process. As the second set involves different claims against different defendants, those claims are DISMISSED without prejudice. If [P]laintiff seeks relief in this second set of claims, he may file a separate civil rights action.

(Jan. 10, 2013 Order at 2.) In the instant motion, Plaintiff requests the Court to reconsider its dismissal of "claim two of [his] complaint," which was the claim relating to the second category listed above -- a prison disciplinary process. (Mot. for Recons. at 1.) Plaintiff did not seek leave of court prior to filing his motion; therefore, this Court construes his motion as a request for leave to file a motion for reconsideration.

The Court finds that the requirements for leave to file a motion for reconsideration are not satisfied in the instant case. The Court's January 10, 2013 Order concluded that Plaintiff's "claim one," which included allegations of excessive force and retaliation, involved different claims and Defendants than those in his "claim two." (Jan. 10, 2013 Order at 2.) As mentioned above, Plaintiff was given leave to pursue "claim two" in a separate civil rights action.

In the instant motion, Plaintiff makes a conclusory argument that the Court "erred in finding that Plaintiff misjoined parties and claims" pursuant to Federal Rules of Civil Procedure 18 and 20, which he claims "control permissive joinder." (Mot. for Recons. at 1.) Plaintiff then includes the law on joinder pursuant to Federal Rules of Civil Procedure 18 and 20; however, he simply argues that these rules "provide[] for a liberal joinder of claims." (*Id.* at 2.) Plaintiff does not specifically explain why the Court erred. Nor does he elaborate on why the named Defendants in the his aforementioned claims should be joined as Defendants in the instant action.

Rule 20(a)(2) states that joinder of defendants is permitted "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different

2

1  transactions -- should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th
2  Cir. 2007).

3   In support of the instant motion, Plaintiff makes a conclusory statement that "a party not only
4  may, but arguably must, join multiple defendants and multiple claims when the relief sought relates
5  to the same 'series of transactions or occurrences' and common issues of law or fact will arise."
6  (Mot. for Recons. at 3.) However, Plaintiff does not specifically explain how the named Defendants
7  in each of his two claims -- one dealing with excessive force and retaliation and the other dealing
8  with a prison disciplinary process -- participated in the same transaction or series of transactions or
9  that a question of fact is common to all Defendants. *Cf. George*, 507 F.3d at 607 (noting that, in
10 prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner
11 made no effort to show that 24 defendants he named had participated in the same transaction or
12 series of transactions or that a question of fact is common to all defendants).

13  Upon reviewing the aforementioned conclusory arguments in the instant motion, the Court is
14 not inclined to grant the motion for reconsideration because Plaintiff has not shown that it
15 committed clear error in dismissing claim two. In any event, no leave to file such a motion can be
16 granted because the Court finds that Plaintiff has not established that there is a material difference in
17 fact or law that exists now as opposed to before, nor has he alleged any new material facts or
18 changes in the law, nor demonstrated a failure of this Court to consider material facts. *See* Civil
19 L.R. 7-9(b). Accordingly, "Plaintiff's Objection to the Court Screening Order and Request for
20 Reconsideration" (Docket No. 12), which has been construed as a request for leave to file a motion
21 for reconsideration, is DENIED.

22  As mentioned above, Plaintiff may file a separate civil rights action against the named
23 Defendants in claim two. The Clerk of the Court is directed to send Plaintiff a blank civil rights
24 complaint form along with his copy of this Order.

25  This Order terminates Docket No. 12.
26  IT IS SO ORDERED.
27 DATED: September 25, 2013

 YVONNE GONZALEZ ROGERS
 UNITED STATES DISTRICT COURT JUDGE

G:\PRO-SE\YGR\CR.12\Williams1583.denyRECONS-joinder.wpd    3