IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>J. SOTO, et al.,<br><br>       Defendants.<br>_____ / | No. C 12-3583 YGR (PR)<br><br>**ORDER GRANTING MOTION FOR REVOCATION OF *IN FORMA PAUPERIS* STATUS; VACATING ORDER GRANTING *IN FORMA PAUPERIS* STATUS; AND DISMISSING ACTION WITHOUT PREJUDICE TO FILING A MOTION TO REOPEN UPON PAYING FULL FILING FEE**<br><br>(Docket Nos. 16, 29, 32) |

Plaintiff, an inmate currently incarcerated at California State Prison - Los Angeles County and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred while he was housed at Salinas Valley State Prison ("SVSP").

Upon its initial review of the complaint, the Court determined that Plaintiff's claims against his jailors at SVSP fell into two categories and dismissed the claims in the second set as improperly joinder, stating as follows:

> The first category are claims of excessive force and retaliation. The second relate to a prison disciplinary process. As the second set involves different claims against different defendants, those claims are DISMISSED without prejudice. If plaintiff seeks relief on this second set of claims, he may file a separate civil rights action.

(Jan. 10, 2013 Order of Service at 2). As to the first set of claims, the Court found that Plaintiff stated cognizable claims against Defendants SVSP Correctional Officers Cermeno and Mejia for (1) the use of excessive force on June 27, 2011, and (2) making threats and other acts of retaliation. The Court also found that the complaint stated a due process claim against Defendants SVSP Prison Officials A. Solis, Soto, Trexler, V. Solis, and R. Machuca for their handling of Plaintiff's grievances against Defendants Cermeno and Mejia. In an Order dated January 10, 2013, the Court issued its Order of Service. In a separate Order dated January 16, 2013, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP").

Defendants have filed a motion requesting the Court to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g). Defendants specifically argue that Plaintiff's IFP status should be revoked because (1) he filed four prior prisoner cases in federal court that were dismissed because they were either

frivolous, malicious or failed to state a claim, and (2) he was not under imminent danger of serious physical injury when he filed this action. Plaintiff has filed an opposition, and Defendants have filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g).

## DISCUSSION

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to *sua sponte* raise the section 1915(g) problem, but requires the Court to

2

notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

At the time Plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of the dismissals of his cases in other districts, i.e., the United States District Court for the Central and Eastern Districts of California. However, in Defendants' motion requesting the Court to revoke Plaintiff's IFP status, they have attached the actual dismissal orders from the Central and Eastern Districts. Therefore, Defendants argue that these dismissals should be considered to support a section 1915(g) dismissal.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Defendants have given Plaintiff notice that the following dismissals[1] may be counted as dismissals for purposes of section 1915(g): (1) *Williams v. Narramore*, No. CV 03-1972-UA-AJW (C.D. Cal. July 25, 2003) (civil rights action dismissed for failure to state claim upon which relief may be granted); (2) *Williams v. Bonzer*, No. CV 04-8941-UA-AJW (C.D. Cal. Nov. 22, 2004) (same); (3) *Williams v. Hubbard, et al.*, No. CV 10-1717-UA-FFM (C.D. Cal. July 6, 2010) (same); and (4) *Williams v. Young*, No. CIV S-08-1737-FCD-CMK-P (E.D. Cal. July 29, 2010) (same). (Defs.' Req. for Jud. Notice, Exs. A-E.) In his opposition, Plaintiff had the opportunity to respond to the aforementioned dismissals the Court could consider to support a section 1915(g) dismissal. Plaintiff does not dispute that any of the aforementioned prior dismissals count as "strikes." Although this Court has considered four dismissals, only three prior dismissals need to qualify as "strikes" under section 1915(g). Therefore, upon considering the exhibits submitted by Defendants, the Court finds that Plaintiff's three dismissals in Case Nos. CV 03-1972-UA-AJW, CV 04-8941-UA-AJW, and CV 10-1717-UA-FFM may be counted as "strikes" for purposes of section 1915(g).

---

[1] The Court GRANTS Defendants' request for judicial notice of the documents submitted in support of their motion.

As mentioned above, in his opposition to Defendants' motion to dismiss, Plaintiff does not dispute that he suffered at least three dismissals that qualify as "strikes." Instead, Plaintiff argues that he was under imminent danger of serious physical injury when he filed the instant complaint on July 9, 2012. Plaintiff asserts that at the time he filed the complaint, he was "rehoused back to ad-seg where [Defendants Cermeno and Mejia were] assigned post, and because of Plaintiff being under the direct authority and supervision of both [Defendants] who each persist[ed] with the same threats toward Plaintiff even after being rehoused to ad-seg[2] at a later time after the initial threat commence[d] . . . ." (Opp'n 2-3 (footnote added).)

Plaintiff has the burden of proving that he satisfies this exception to section 1915(g) by demonstrating that he is in imminent danger of serious physical injury. The plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the section 1915(g) analysis). The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g.*, *id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger -- the standard adopted by the Eighth Circuit -- is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

Here, Plaintiff's complaint states that Defendants Cermeno and Mejia first threatened to harm him on June 27, 2011, when they placed handcuffs on him too tightly during an escort to the medical clinic. (Compl. at 3(b).) Plaintiff further alleges that when he asked to have different officers escort

---

[2] "Ad-seg" is an abbreviation for administrative segregation.

4

him back to his cell, Defendants Cermeno and Mejia told Plaintiff that they had distributed his arrest report -- charging him with a sex offense -- to the general population in an effort to cause him to "get stabbed for being a rapeist [sic]" in retaliation for complaining about the escort and for filing a grievance against another fellow correctional officer.  (*Id.* at 3(c).)

As further explained below, Plaintiff makes no allegation, however, that Defendants Cermeno and Mejia's actions threatened his safety (e.g., that other inmates had in fact threatened or assaulted Plaintiff for being charged with a sex offense) between June 27, 2011 and July 1, 2012, the date he signed his complaint over a year later.  (*See id.* at 8-20.)  Specifically, when Plaintiff initiated this action, he did not allege that there was any ongoing danger of recurrence or threat of recurrence in his complaint.  Moreover, Plaintiff's submitted declarations and exhibits to his complaint, mostly dated in 2011, only potentially show that any danger Plaintiff experienced occurred in 2011.  *See Andrews II*, 493 F.3d at 1053 n.5.  In addition, one of Plaintiff's exhibits filed in support of his complaint -- Exhibit I -- indicates that Plaintiff was placed in ad-seg on June 1, 2012 for "Staff Safety Concerns."  (Pl.'s Ex. I at 2.)  According to the Administrative Segregation Unit Placement Notice, Plaintiff had accused one of the prison medical staff, Dr. L. Jensen, of "slandering [his] name and turning other clinicians and doctors against [him]."  (*Id.*)  In a General Chrono dated May 24, 2012, Dr. Jensen stated, "I do not feel safe meeting/interviewing [Plaintiff] because of his fixation on me and the means in which he has attempted to psychologically intimidate me."  (*Id.* at 1.)  On June 1, 2012, SVSP prison officials determined that Plaintiff had "become a threat to Dr. Jensen's safety at SVSP."  (*Id.* at 2.)  Therefore, as mentioned above, Plaintiff was housed at ad-seg on June 1, 2012 -- and this classification was a result of *him* threatening a prison medical staff member.  There is nothing in the complaint indicating that when Plaintiff was housed in ad-seg (from June 1, 2012 through the signing of his complaint on July 1, 2012), Defendants Cermeno and Mejia continued to make any threats -- either to assault Plaintiff or to inform the prison population of the sex offense in his arrest history.

The Court notes that Plaintiff only made two references to Defendants Cermeno and Mejia during the time frame he was housed in ad-seg.  First, on June 5, 2012, Plaintiff claims he advised Defendant B. Martinez of "safety concerns as a direct result of Defendants R. Martinez, Cermeno and

5

Mejia's exposure of [his] sex offense in arrest reports history . . . ." (Compl. at 3(m)-3(n).) Second, on June 7, 2012, Plaintiff claims Defendant Trexler "utterly ignored [his] concerns regarding imminent danger orchestrated by the hand of Defendants R. Martinez, Cermeno and Mejia." (*Id.* at 3(n)-3(o).) The alleged aforementioned actions by Defendants Cermeno and Mejia occurred a year ago, in 2011 and, while Plaintiff uses the words "imminent danger" in the complaint, he does not elaborate on such a claim. Thus, Plaintiff simply stated in conclusory terms that he was in imminent danger at the time of filing the complaint; however, such an allegation is insufficient to establish the imminent danger exception to section 1915(g). *White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir 1998) (exception does not apply because prisoner's allegation that he has "been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree" are "vague and utterly conclusory"). Like the prisoner in *White*, Plaintiff here fails to specify in what manner he was threatened, on what occasions, and the nature of the physical injury he asserts is imminent. *See id.*; *see also Welch v. Galie*, 207 F.3d 130 (2nd Cir. 2000) (conclusory allegations that defendants were part of a conspiracy and were physically harming plaintiff did not bring plaintiff within imminent danger exception). Finally, Plaintiff's allegations of the past incident from 2011 in which force was used on him -- which forms the basis of certain of his claims against Defendants Cermeno and Mejia -- do not establish imminent danger at the time of filing. *See Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (imminent danger allegations plaintiff made involved events on which complaint was based, however, threat had ceased and nothing may properly be construed as constituting he faced imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (allegations that prisoner faced imminent danger in the past are insufficient to trigger this exception to section 1915(g)); *but cf. id.* (concluding that plaintiff meets imminent danger exception because he properly alleged ongoing danger and complaint was filed very shortly after last attack). Therefore, Plaintiff's aforementioned conclusory assertion is not credible showing of the existence of an *imminent* danger at the time of the filing of the complaint. Accordingly, Plaintiff has not shown that he is entitled to the imminent danger exception under

6

section 1915(g) to avoid dismissal without prejudice.

In view of this, it is clear that leave to proceed IFP was granted erroneously. It will be revoked; therefore, the Court's January 16, 2013 Order granting Plaintiff IFP status is VACATED. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three-strikes grounds); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes).

The Court finds that, pursuant to *Andrews*, Plaintiff has been given notice of the potential applicability of section 1915(g) by Defendants in their motion requesting the Court to revoke Plaintiff's IFP status. 398 F.3d at 1121. As mentioned above, Plaintiff has responded by filing an opposition to Defendants' motion; however, he has failed to meet his burden of showing that section 1915(g) does not bar pauper status for him. Therefore, a dismissal under section 1915(g) is proper because Plaintiff has had an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120.

Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's filing a motion to reopen accompanied by the full filing fee of $350.00, as directed below. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Defendants' motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) (Docket No. 16) is GRANTED. Leave to proceed IFP is REVOKED, and the Court's January 16, 2013 Order granting Plaintiff IFP status is VACATED.

2. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. *See* 28 U.S.C. § 1915(g).

3. The Clerk of the Court shall terminate all other pending motions as moot (Docket Nos. 29, 32) and close the file.

4. This Order terminates Docket Nos. 16, 29 and 32.

IT IS SO ORDERED.

DATED: March 7, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**